IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOANS, INC., HOME EQUITY LOAN TRUST, SERIES 2005-HE1, § § § § § § Plaintiff, § § v. § § § DAMEON THOMAS, MARYAH § THOMAS, THE UNKNOWN HEIRS OF § THE ESTATE OF LONNIE REED § THOMAS IV, CHOWDER INC., and § AQUA FINANCE INC. § § Defendants. § | Civil Action No. 4:25-cv-3061 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loans, Inc., Home Equity Loan Trust, Series 2005-HE1 ("Plaintiff" or "HSBC"), its successors and assigns files this its Original Complaint against Dameon Thomas, Maryah Thomas, the Unknown Heirs of the Estate Lonnie Reed Thomas IV, Chowder Inc., and Aqua Finance, Inc. ("Defendants"), and respectfully shows the Court as follows:

### I. PARTIES

1.  Plaintiff HSBC is the mortgagee of the mortgage loan secured by the Property made the subject of this suit, as defined by the Texas Property Code, and is the party entitled to enforce the Deed of Trust made the subject of this suit.

2.  Defendant Dameon Thomas is the son and heir-at-law of the deceased borrower, Lonnie R. Thomas Jr., and deceased co-mortgagor, Laurel Thomas (collectively "Decedents"). He

may be served with process at 11720 Longwood Garden Way, Houston, Texas 77047 (Harris County), or such other place as he may be found. Summons will be requested.

3.      Defendant Maryah Thomas is the daughter and heir-at-law of the Decedents. She may be served with process at 11720 Longwood Garden Way, Houston, Texas 77047 (Harris County), or such other place as she may be found. Summons will be requested.

4.      Lonnie Reed Thomas IV was the son of the Decedents. Lonnie Reed Thomas IV passed away on or about July 22, 2016. Based on a diligent investigation, it is believed he had one son at the time of his death. However, information regarding the whereabouts of Lonnie Reed Thomas IV's son, K.T., is unknown. Further, there may be other heirs-at-law of Lonnie Reed Thomas IV. Therefore, Plaintiff names as a defendant in this case the Unknown Heirs at Law of Lonnie Reed Thomas IV. Plaintiff will serve the Unknown Heirs in compliance with the Federal Rules of Civil Procedure. To the extent Plaintiff learns the identities and/or locations of any Unknown Heirs, Plaintiff will amend its pleading in compliance with the Federal Rules of Civil Procedure.

5.      Aqua Finance, Inc. ("Aqua") is named in this suit *in rem* only pursuant to its UCC Financing Statement claiming a fixture lien on the subject property, which is recorded in the Real Property Records of Harris County, Texas as Instrument RP-2023-359213. Aqua is incorporated in Wisconsin with its principal place of business in Wausau, Wisconsin. and registered to conduct business in Texas. Aqua can be served through its Texas registered agent Corporation Service Company d/b/a CSC-Lawyers Inc. located at 211 E. 7th Street, Suite 620, Austin (Travis Co.) Texas 78701. Summons will be requested.

6.      Chowder, Inc. ("Chowder") is named in this suit *in rem* only pursuant to its UCC Financing Statement claiming a fixture lien on the subject property, which is recorded in the Real

Property Records of Harris County, Texas as Instrument RP-2023-344108. Chowder is incorporated in Delaware with its principal place of business in Roswell, Georgia. and registered to conduct business in Texas. Chowder can be served through its Texas registered agent Corporation Service Company d/b/a CSC-Lawyers Inc. located at 211 E. 7th Street, Suite 620, Austin (Travis Co.) Texas 78701. Summons will be requested.

## II.     JURISDICTION AND VENUE

7. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

8. Plaintiff HSBC is a national bank and trustee of a mortgage securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). As a national banking association, HSBC's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. HSBC's main office is located in Tysons, Virginia. Therefore, HSBC is a citizen of Virginia for diversity purposes.

9. Defendant Dameon Thomas is an individual who resides at 11720 Longwood Garden Way, Houston, Texas 77047 and is domiciled in Harris County, Texas. Therefore, Defendant Dameon Thomas is a citizen of Texas for diversity purposes.

10. Defendant Maryah Thomas is an individual who resides at 11720 Longwood Garden Way, Houston, Texas 77047 and is domiciled in Harris County, Texas. Therefore,

Defendant Maryah Thomas is a citizen of Texas for diversity pruposes.

11. Defendant Aqua Finance, Inc. is a corporation incorporated under the laws of the State of Wisconsin with its principal place of business in Wasau, Wisconsin. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Aqua is a citizen of Wisconsin for diversity purposes.

12. Defendant Chowder, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Roswell, Georgia. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Chowder is a citizen of Delaware and Georgia for diversity purposes.

13. Because Plaintiff is a citizen of Virginia and Defendants are citizens of Texas, Wisconsin, Delaware and Georgia, there is complete diversity among the parties. See 28 U.S.C. § 1332(c)(1).

14. In this suit, Plaintiff seeks declaratory relief and to foreclose on a mortgage loan that encumbers Property that, pursuant to Harris County Appraisal District, is valued at $332,344.00.[1] A true and correct copy of the Harris County Appraisal District's valuation of the property is attached hereto as **<u>Exhibit A</u>**. Accordingly, the amount in controversy meets and exceedcs the federal jurisdictional minimum of $75,000.00. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be

---

[1] Plaintiff respectfully requests that the Court take judicial notice of Exhibit A.

protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); see also *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15.     Venue is proper in the Southern District of Texas, Houston Division, because this suit concerns title to real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124(b)(2), 1391 (b)(2).

### III.   FACTS

16.     On or about May 19, 2005, Lonnie R. Thomas, Jr. ("Borrower") executed a certain Note in the principal amount of $129,600.00 in favor of Option One Mortgage Corporation ("Option One") bearing interest at 8.500% per annum. A true and correct copy of the Note is attached hereto as **Exhibit B**. To secure repayment of the Note, Lonnie R. Thomas, Jr. and Laurel Thomas (collectively "Decedents") executed a Deed of Trust ("Security Instrument" and collectively with the Note, the "Loan" or "Loan Agreement"), that encumbers the real property commonly known as 11720 Longwood Garden Way, Houston, Texas 77047 (the "Property"), and more particularly described as follows:

> **LOT TEN (10), IN BLOCK ONE (1), OF CITY PARK SEC. 1, AMENDING PLAT NO. 1, A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO 556111 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

17.     The Deed of Trust was recorded in the Official Public Records of Harris County, Texas, as Document No. Y490084 on May 24, 2005. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C**. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as designated nominee for Freedom Mortgage Corporation, its successors and assigns, and beneficiary under the Deed of Trust.

18. Subsequently Sand Canyon Corporation f/k/a Option One transferred and assigned the Deed of Trust to HSBC. The Corporate Assignment of Deed of Trust was recorded in the Official Public Records of Harris County, Texas, as Document No. RP-2018-384836 on August 22, 2018. A true and correct copy of the assignment is attached hereto as **Exhibit D**.

19. On or about June 19, 2022, Lonnie R. Thomas, Jr. passed away. Upon information and belief, no probate has been opened for his estate in Harris County, Texas, the county where the Property is located and the county in which he died. Laurel Thomas passed away on or about October 5, 2024. Upon information and belief, no probate has been opened for her estate in Harris County, Texas, the county where the Property is located and the county in which she died.

20. At the time of Lonnie R. Thomas Jr.'s and Laurel Thomas' deaths, they had one daughter, Maryah Thomas, one surviving son, Dameon Thomas, and one son who predeceased them, Lonnie R. Thomas IV. At the time of Lonnie R. Thomas IV's death in 2016, it is believed he had one son. At this time, Plaintiff has not been able to locate information regarding the whereabouts of Lonnie R. Thomas IV's son, K.T.

21. The Loan Agreement is currently in default. On December 20, 2024, a Notice of Default was sent via certified mail to Borrower at the Property address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E**. Despite such notice and demand, no payment was made to bring the Note current. On March 25, 2025, Plaintiff, through counsel, accelerated the maturity of the Note by mailing a Notice of Acceleration of Loan Maturity to the Property address by certified mail in accordance with the Loan Agreement and Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F**.

22. The Loan is now past due for the November 1, 2024 payment and all subsequent payments accrued. Payment of the past due balance on the debt has not been received by Plaintiff. The total amount to payoff the Loan as of March 25, 2025 was $99,127.16, subject to additional interest, fees, and costs as authorized by the terms of the Loan Agreement.

23. Plaintiff files this Complaint to include the heirs at law of the now deceased Borrower, Lonnie R. Thomas Jr., and co-mortgagor spouse, Laurel Thomas. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedents acquired all their respective estates, including an undivided interest in the subject real property, immediately upon death. Decedents' heirs are each made a party in this proceeding.

24. But for the death of the Decedents, Plaintiff would have exercised its right to enforce its power of sale in the Deed of Trust against the Property because of the material breach of the Loan Agreement. The most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property would be a public auction of the Property. The rights, responsibilities, and duties of Plaintiff and the trustee of the Deed of Trust are well known under TEX. PROP. CODE § 51.002 and Texas case law; therefore, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process.

25. All conditions precedent have been performed or occurred for Plaintiff to enforce its security interest against the Property.

## IV.   CAUSE OF ACTION

**A.   Declaratory Relief**

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff seeks a declaratory judgment allowing it to proceed with the non-judicial foreclosure sale of the Property. Plaintiff seeks a declaratory judgment that establishes (1) that all

conditions precedent to foreclose on the Property occurred; (2) that the loan is in default; (3) that Plaintiff, as mortgagee, is entitled to proceed with its foreclosure proceedings; and (4) that the requisite notices were sent as required by the Deed of Trust and the Texas Property Code.

28. Declaratory Judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Spawglass Construction Corporation v. City of Houston*, 974 S.W.2d 876 (Tex. App – Houston 1998, no writ). Based on the UNIFORM DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* and the Loan Agreement, Plaintiff seeks a Declaratory Judgment from this Court with a judgment for non-judicial foreclosure of the Property pursuant to the Loan Agreement and the Texas Property Code.

29. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff as the mortgagee is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

30. Additionally, Plaintiff seeks a declaration from the Court that its lien interest in the Property is superior to the lien interests of Defendants Aqua and Chowder. Plaintiff's Deed of Trust was recorded in the Harris County real property records on May 24, 2005. Aqua's UCC Financing Statement was not initially recorded until November 16, 2018 with the continuation being recorded on September 19, 2023. Chowder's UCC Financing Statement was not recorded until September 7, 2023.

31. Based on the foregoing, Plaintiff's lien has priority over the liens of Defendants Aqua and Chowder because Plaintiff's lien was recorded prior to the recording of Defendants

Aqua's and Chowder's liens. As such, Plaintiff's lien is "first in time, first in right." *See Ector Cnty. Appraisal Dist. v. Meza,* No. 17-CV-00046, 2018 U.S. Dist. LEXIS 248709 *11 (5th Cir. July 27, 2018) (citing *U.S. v. Ray Thomas Gravel Co.,* 380 S.W.2d 576, 580 (Tex. 1964)).

**B.   Enforcement of Statutory Lien and Non-Judicial Foreclosure**

32. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

    a.    TEX. ESTATES CODE § 101.001, which states in pertinent part:

> *"Subject to Section 101.051, the estate of a person who dies intestate vests immediately in the person's heirs at law"*

    b.    TEX. ESTATES CODE § 101.051, which states in pertinent part:

> *"A decedent's estate vested in accordance with Section 101.001 subject to the payment of, and is still liable for the debts of the decedent, except as exempted by law…"*

        Also see:

    c.    TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes,"* and

    d.    TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance*

> *taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

33. Plaintiff's statutory lien gives Plaintiff an enforceable and superior *in rem* lien against the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory lien against the Property according to the terms of the Loan Agreement and TEX. PROP. CODE § 51.002 or TEX. R. CIV. P. 309. Plaintiff seeks no personal liability against the Defendants. Plaintiff seeks only the *in rem* interest in the Property acquired by the Defendants upon the death of the Decedents.

34. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### C.    Judicial Foreclosure

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. In the alternative, Plaintiff seeks a judgment for judicial foreclosure of the Property. Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure may also be foreclosed on by an action for judicial foreclosure. TEX. R. CIV. P. 735.3. Therefore, pleading in the alternative, Plaintiff files this claim for judicial foreclosure.

37.     Plaintiff has the right to enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Loan Agreement. However, Borrower did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). Notices of default and intent to accelerate and acceleration were mailed in compliance with the terms of the Loan and Texas law. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the U.S. Marshal or the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

**D.     Damages**

38.     Based on breach of the Borrower's obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least the payoff of the Loan Agreement. That amount continues to accrue, and Plaintiff is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

**E.     Attorney's Fees**

39.     As a result of the breach of the obligation under the Loan Agreement, Plaintiff has been forced to retain the undersigned legal counsel to institute and prosecute this action. Under the terms of the Note and Deed of Trust, the reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust are collectable against the Loan Agreement, to include any appeal to a Court of Appeals or an appeal to the U.S. Supreme Court. Pursuant to the terms of the Deed of Trust, Plaintiff is entitled to recover its reasonable attorney's fees for the services rendered in instituting and prosecuting this action.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff HSBC its successors and assigns requests that judgment be granted in its favor with respect to all claims asserted herein, and for all further and other relief, whether at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ John M. Gregory*
    **JOHN M. GREGORY**
    Texas Bar No. 24138787
    Southern District Admission #3869561
    jgregory@mwzmlaw.com

    **CRYSTAL G. GIBSON**
    Texas Bar No. 24027322
    Southern District Admission #706039
    cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
5177 Richmond Avenue, Suite 1230
Houston, Texas 77056
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**